F. S. TAYLOR, v. J. H. SHERIDAN, Appellant.

EVIDENCE insufficient to show that a deed was intended to be a lease for life.

*Appeal from Buchanan District Court.*—HON. J. L. HUSTED, Judge.

MONDAY, MAY 21, 1894.

ACTION to recover the amount due on a promissory note. An equitable defense was pleaded, and the action was tried as in equity. From a judgment in favor of the plaintiff, the defendant appeals.—*Affirmed.*

*Woodward & Cook* for appellant.

*Chas. E. Ransier* for appellee.

ROBINSON, J.—The note in suit was given on the fifteenth day of February, 1878, to the woman who is now the wife of plaintiff, and was transferred to him after maturity. The defense pleaded is stated substantially as follows: In November, 1859, the defendant was owner in fee simple of a tract of land, situated in the state of New York, which contained fifty acres. He made a verbal agreement with his mother, Jane Marvin, to give to her a lease of the premises for life, and in the month named he applied to a justice of the peace to draw such a lease. An instrument was drawn, executed, and delivered, but by mistake of the justice it was so drawn as to be in effect a warranty deed, and it transferred the title to the premises therein described to the mother of defendant. No consideration was paid for the deed. It was made to insure his mother a home during her lifetime, and the payee of the note, who is the sister of the defendant, and the daughter of Jane Marvin, was present when the agreement to give the lease was made, and was also present when the justice was requested to draw it, and knew of the intention of the parties and of the mistake made. It is further alleged that, knowing all the facts stated, his sister, in July, 1875, by means of the undue influence which she possessed over her mother, and for the purpose of cheating and defrauding the defendant, induced her mother to convey the premises to her; that the mother has been dead several years, and his sister refuses to convey the land to him, and refuses to pay him its value; that he had no knowledge of the conveyance to her until about the time of the death of their mother. The defendant asks that it be decreed that the deed was made an absolute conveyance by mistake of the scrivener who drew it; that it was not the intention of the parties to it that it should be an absolute conveyance; that it be decreed to be a life lease; that his sister be permitted to keep the land, and that defendant be allowed the value thereof, as against the note in suit. The district court did not grant the defendant any relief, but rendered judgment in favor of the plaintiff for the full amount of the note and costs.

The parties to this action have limited their arguments to a discussion of the competency and sufficiency of the evidence to sustain the defense pleaded, and other questions which are suggested by the record will not be considered by us. The negotiations which terminated in the execution of the deed in question were carried on with Mrs. Marvin and her husband both of whom are now dead. Much of the evidence offered in regard to those negotiations was objected to, and is incompetent under section 3639 of the Code, and for that reason can not be considered. It appears that on the seventeenth day of November, 1859, the defendant executed to his mother a conveyance of the land in question, which was in form an ordinary warranty deed, excepting that it contained a provision in words as follows: "The understanding and agreement between the parties to this conveyance is such: The party of the second part shall not convey the premises above mentioned and described to any other person or persons during her lifetime, other than the parties of the first part." There is some evidence which tends to show that the conveyance was intended to be made for the purpose claimed by the defendant; that, after it was made, his mother regarded the land as his property; and that he made some claim to it; but there is as much and as satisfactory evidence which tends to show that the conveyance was intended to be absolute, subject to the provision we have quoted. The deed acknowledged the receipt of a consideration of one hundred and fifty dollars, and that appears to have been about the value of the land conveyed. Some time after the deed was given, the defendant brought an action against his mother, and received in settlement about forty dollars. He claims that it was on account of a note he had given for a debt of his stepfather, but testimony for the plaintiff tends to show that it was given in part payment for the land, and that the remainder of the consideration was paid in money. Some facts are disclosed by the evidence which tend to support the theory of defenant, but it can not be said that it is established by a preponderance of the evidence. We conclude that he has failed to sustain the defense pleaded, and that the judgment of the district court is right. It is therefore AFFIRMED.